Filed 12/11/24  P. v. Romby CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DONALD EDWARD ROMBY,<br><br>        Defendant and Appellant. | A169743<br><br><br>(Solano County<br>Super. Ct. No. FCR345974) |

Defendant Donald Romby appeals from final judgment after being convicted of one felony count of possession of cocaine while armed with a firearm and three misdemeanor counts of possession of a controlled substance for sale.  (Health & Saf. Code, §§ 11370.1, subd. (a), 11350.)  Defendant was sentenced to the two-year lower term on the felony count and six-month concurrent terms on the misdemeanor counts.

Defendant's appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*People v. Wende*), raising no issue for review and requesting that we conduct our own independent review of the record on appeal.  Defendant has not exercised his right to file a supplemental brief in a timely fashion.

Having considered the record in accordance with *People v. Wende*, we affirm the judgment.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On November 25, 2019, defendant was charged by information with one felony count of possession of cocaine while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a); count 1) and three felony counts of possession of a controlled substance for sale (to wit, cocaine, heroin, and methamphetamine) (Health & Saf. Code, §§ 11351, 11378; counts 2–4).

On February 27, 2020, defendant agreed to plead no contest to count 1 in exchange for a stipulated two-year prison term and dismissal of the remaining counts. However, on October 27, 2020, defendant withdrew his plea. Accordingly, the court reinstated the three dismissed counts. Defendant then entered a not guilty plea to all four counts.

Trial began on March 20, 2023, during which the following evidence was presented. At approximately 4:14 a.m. on May 26, 2019, two police officers were responding to a report of a hit and run. The officers noticed a tan sedan parked at a gas station gas pump with a driver, later identified as defendant, who "wasn't moving . . . ." When the officers approached the vehicle, they noticed that both defendant and his passenger appeared to be asleep.

One of the officers arrived at the driver's side of the vehicle and observed that defendant "had a white powdery substance" and "a shaker" in his lap.[1] The officer removed defendant from the vehicle and placed him in handcuffs. The officer then searched defendant's person. In defendant's left jeans pocket, the officer found "little plastic bags inside of [a] bigger one" containing "a white substance"; "a black, tarry substance"; and some pills. These substances were later determined to be usable amounts of methamphetamine, cocaine and heroin.

---

[1] A " 'shaker' " is an instrument used to ingest heroin.

2

Meanwhile, the other officer returned to the vehicle, where the passenger remained. The officer noticed for the first time a firearm on the driver's seat where defendant had been seated. After the passenger was detained at gunpoint, the officers retrieved a loaded and operable subcompact semiautomatic pistol. The officers also found a "white powdery substance" "all over the car," including on the pistol's trigger and trigger guard.

On March 29, 2023, a jury found defendant not guilty on the felony counts 2–4 but guilty of the lesser included misdemeanor offenses of possession for sale of a controlled substance under Health and Safety Code section 11350. The jury was unable to reach a verdict on count 1, and the trial court declared a mistrial. The prosecutor elected to retry defendant on count 1.

On November 29, 2023, following a two-day second trial, the jury found defendant guilty on count 1.

On January 18, 2024, the trial court denied probation and sentenced defendant to the lower term of two years on count 1 and six-month concurrent terms on counts 2, 3 and 4. The court awarded defendant three days for time served. Finally, the court ordered defendant to pay $300 in restitution pursuant to Penal Code section 1202.4, subdivision (b) and a $300 parole revocation restitution fine pursuant to Penal Code section 1202.45, payment of which was stayed pending successful completion of parole/supervision. This timely appeal followed.

## DISCUSSION

As we previously stated, defendant's appointed counsel has filed an opening brief setting forth the material facts but raising no issue for our consideration. Counsel requests that we independently review the record to decide whether there exists any nonfrivolous issue for appeal. (See *People v.*

3

*Wende, supra*, 25 Cal.3d 436; see also *People v. Kelly* (2006) 40 Cal.4th 106 (*People v. Kelly*).) In doing so, counsel attested that defendant was advised of his right to file his own brief with this court. However, defendant failed to exercise this right in a timely manner.

After independently reviewing the record, we agree with appellate counsel there are no reasonably arguable legal or factual issues to be considered. Defendant had two jury trials. The first jury empaneled in this case found defendant guilty of three misdemeanor counts of possession of a controlled substance for sale but could not reach a verdict on count 1, felony possession of cocaine while armed with a firearm. A mistrial was declared, and the prosecutor elected to retry count 1. A second jury thereafter reached a guilty verdict on this count. The evidence presented at trial supported these verdicts.

At the sentencing hearing, the trial court denied probation for several reasons, including that defendant was an active participant in the crime; expressed no remorse; had a lengthy criminal record; and indicated on a probation department form asking whether he was seeking probation, "Don't really need or want." The court then weighed applicable aggravating and mitigating factors before imposing the lower term sentence on count 1. The court imposed six-month concurrent terms, rather than consecutive terms, on the three subordinate misdemeanor counts. The court also imposed the "mandatory minimum" fines under Penal Code sections 1202.4 and 1202.45. These sentencing decisions were rational and soundly based on the record and, thus, will not be disturbed. (*People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 831 ["In the absence of . . . a showing [that the sentence was irrational or arbitrary], the trial court is presumed to have acted to achieve

4

legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review"].)

Having ensured defendant received adequate and effective appellate review, we affirm. (*People v. Wende, supra*, 25 Cal.3d at pp. 441–442; *People v. Kelly, supra*, 40 Cal.4th at pp. 112–113.)

## DISPOSITION

The judgment is affirmed.

Jackson, P. J.

WE CONCUR:

Burns, J.
Chou, J.

A169743/*People v. Donald Edward Romby*